**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Rimage Corporation,<br>Plaintiff,<br>vs.<br>George Edwin Kline,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil File No. 01-2047 JEL/JGL<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, by their counsel, stipulate to the entry of the following protective order and agree with one another to abide by its terms:

IT IS ORDERED THAT:

1. Any party to this action may designate as "Confidential Material," in the manner set forth in paragraph 2, any document, deposition testimony, information, or other material in its or his/her possession, custody or control, or the possession, custody or control of its/his/her agent(s), that is sought to be discovered. The terms of this Confidentiality Agreement, Stipulation and Protective Order ("Order") govern all aspects of the procedures to be followed in making or challenging such designations and of the terms, conditions and restrictions on the use of such Confidential Material.

2. Materials to be treated as Confidential Materials shall be designated as follows:

   a. Written discovery answers. Any party or agent of a party wishing to designate written discovery answers as Confidential Material shall type those answers in a separate document in which every page is marked with the following or similar legend:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

FILED JUN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

b. Other written materials. Any party or agent of a party wishing to designate other written materials as Confidential Material must place the above legend upon the first page and each other page of any document containing information to be treated as Confidential Material or on all pages of copies of such written materials as are produced pursuant to discovery requests, or may cause them to be treated as Confidential Material by producing them with an accompanying letter indicating that particular documents (identified by bates number or other clear designator), or a clearly designated portion of them, constitute Confidential Material.

c. Oral testimony. Any party or agent of a party wishing to designate deposition testimony as Confidential Material shall either:

i) In advance of disclosure, state that the testimony is Confidential Material and advise all persons present that the information is subject to this Order. The testimony shall be then separately transcribed and marked with the above legend. Only those persons designated in paragraph 3 may listen to or read this testimony

ii) If a designation of Confidential Material is not made in advance of disclosure at a deposition, it may be made within 30 days following the designating party's receipt of the deposition transcript by the mailing of written notice to all parties. All

persons with copies of the deposition transcript shall then mark their copies with the above legend.

3. Confidential Material of another person/entity or the contents of Confidential Material of another person/entity shall not be used for any business purpose or shown to, given to, discussed with, or otherwise disclosed to any person other than:

a. Parties;

b. Counsel of record for the parties and, to the extent such disclosure is reasonably necessary, their respective partners, associates, paralegals and clerical personnel;

c. Persons retained or proposed to be retained as expert consultants or witnesses and, to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

d. Court reporters of depositions in this action;

e. Commercial copying services employed by the parties for the purpose of making copies of documents and deposition testimony for use in connection with the case;

f. Anyone who authored the document or is shown on the face of the document to have received it;

g. The Court, provided that such materials are filed or submitted in a sealed envelope conspicuously marked:

> CONFIDENTIAL PURSUANT TO COURT ORDER. THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES.

If the Court refuses to grant any party's request to so treat Confidential Material, the party may nonetheless file such material with the Court, and the filing shall not be deemed to waive any other restriction contained herein;

h. The employees or agents of a party who are giving testimony relating to the confidential material and/or who are active participants in the preparation of that party's case; and

i. Any person whom the parties agree, in advance and in writing, may receive such Confidential Material.

4. Any person obtaining access to Confidential Material or the contents thereof to another party or person/entity shall use the information contained therein only for the purposes of this action and for no other purpose.

5. Within 90 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall, at the producing party's discretion:

a. at the election of the producing party, destroy or return to the person/entity who produced the Confidential Material, all such Confidential Material, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and

b. destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Material and certify to the producing party's attorneys that such destruction has occurred; except that Counsel may retain one archival copy of court filings containing Confidential Material which materials will otherwise remain subject to this Order.

6. Nothing in this Order constitutes a finding or admission that any Confidential Material is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular material designated as Confidential Material does, in fact, contain confidential or the question of whether this Order should be modified. The burden of proof shall be on the party claiming confidentiality.

7. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation. This Court shall retain jurisdiction over the parties and each person receiving Confidential Material under this Order for the sole purpose of enforcement of its provisions.

Dated: 21 June, 2002

LINDQUIST & VENNUM P.L.L.P.

By [signature]
Wallace G. Hilke, #175857
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

(612) 371-3211

ATTORNEYS FOR PLAINTIFF

Dated: June 24, 2002

DOUGLAS A. KELLEY, P.A.

By [signature] Steven E. Wolter
Douglas A. Kelley, #54525
Steven E. Wolter, #170707
431 South Seventh Street
Suite 2530
Minneapolis, MN 55415-1810

(612) 371-9090

ATTORNEYS FOR DEFENDANT

IT IS SO ORDERED.

BY THE COURT:

Dated: ________________, 2002

______________________________
Honorable Jonathan Lebedoff
United States Magistrate Judge