**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**RIMAGE CORPORATION,** Civil No. 01-2047 (JEL/JGL)

Plaintiff,

v. **O R D E R**

**GEORGE EDWIN KLINE,**

Defendant.

---

APPEARANCES

Wallace G. Hilke, Esq., for Plaintiff

Steven E. Wolter, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 11, 2002 on Plaintiff's Motion to Compel Responses to Discovery Requests and to Compel Production of Documents (Doc. No. 10). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant George Kline ("Kline") served on the board of directors of Plaintiff Rimage Corporation ("Rimage") from September 1992 through

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

September 2000. In March 2001, a federal grand jury returned an indictment against Kline charging him with forty-one felony counts of conspiracy, mail and securities fraud, unlawful short-swing trading, and other securities-related offenses. In July 2001, Kline and the Government executed a plea agreement under which Kline admitted seven felonies, agreed to pay a $250,000 fine, and forfeited approximately $5,500,000.00 in assets and real property to the Government. Rimage was one of the companies involved in Kline's securities violations. Kline is presently serving a seventy-eight month sentence in federal prison.

Rimage brought this civil action against Kline in November 2001, alleging two causes of action: strict liability for short-swing trading in violation of section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p; and common law breach of fiduciary duty. Instead of immediately pursuing discovery, Rimage moved the criminal court for an order of restitution. The court denied Rimage's request for restitution and directed Rimage to pursue its claims in its civil case. In March 2002, Rimage served a set of written discovery requests on Kline, the responses to which led to this motion to compel.

## II. DISCUSSION

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to explore matters relevant to the claims and defenses in a case. See Fed. R. Civ. P. 26(b)(1). In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. Rule 26(b)(1), as amended in 2000, gives courts "the authority to confine discovery to the claims and defenses asserted in the pleadings," but recognizes a court's discretion to permits broader discovery depending on the particular circumstances of a case. See Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000).

In the current motion to compel, Rimage seeks several categories of information from Kline: responses to Interrogatories 1, 7, and 9; responses to Requests for Admission 1-24; and documents responsive to Document Requests 3, 10, 11, 12, and 13.

**A. Interrogatories 1, 7, and 9**

Interrogatory No. 1 asks Kline to identify every individual and entity who assisted him, directly or indirectly, in completing transactions in Rimage Stock, including all entities in which he had an ownership interest that traded Rimage Stock. Rimage explains that it wants to identify other

companies in which Kline had a financial interest that traded Rimage stock to determine whether Kline communicated inside information to those companies, their directors, or their officers in violation of his fiduciary duties to Rimage. The Court finds this interrogatory, as rephrased by Rimage in its memorandum, reasonably calculated to lead to the discovery of admissible evidence. Thus, Kline is ordered to identify companies in which Kline had a financial interest that traded Rimage stock during the time period from September 1992 through September 2000.

Interrogatory No. 7 asks Kline to identify every individual, company, and firm that provided him with legal advice or accounting services since July 1, 1992. Kline objected to the interrogatory on the grounds that it was overbroad, unduly burdensome, and sought irrelevant information. Considering the request as phrased, the Court is inclined to agree. However, Rimage explains in its memorandum that it wants to know the identity of Kline's accountants and attorneys who may have become custodians of records concerning his ownership interest in Rimage and companies through which he engaged in trades in Rimage stock. The Court finds that the rephrased interrogatory is not overbroad or unduly burdensome and does not seek irrelevant information. Thus, Kline is ordered to identify accountants and attorneys who have records concerning his ownership interest in Rimage and companies through which he engaged in trades in Rimage stock.

Interrogatory No. 9 asks Kline to identify every company on whose board he served since January 1, 1992. Rimage asserts that the information is relevant to determine whether any of the companies or their officers or directors were significant investors in Rimage stock. Rimage believes that Kline may have disclosed material, non-public information regarding Rimage and other companies to a number of individuals. Kline is ordered to provide this information.

**B. Requests for Admission 1-24**

Requests 1-8 ask Kline to admit that he used material, non-public information belonging to Rimage for his own profit for the years 1993 through 2000. Requests 9-16 ask Kline to admit that he breached his fiduciary duty to Rimage by depriving it of its right to his honest services as a member of its board of directors for each year from 1993 through 2000. Requests 17-24 ask Kline to admit that he conducted securities transactions in knowing breach of his fiduciary duty and duty of trust and confidence to Rimage for each year from 1993 through 2000. Kline contends that the requests improperly ask him to ratify Rimage's legal interpretations of facts in the case.

Requests for admission seeking opinions of mixed fact and law are allowed under Federal Rule of Civil Procedure 36. See Lakehead Pipe Line Co. v. Am. Home Assur. Co., 177 F.R.D. 454, 457 (D. Minn. 1997). However, a party may not seek to have its opponent "ratify" legal conclusions that the

party has "attached to the operative facts of the case." Id. Nor are requests for admission "to be employed as a means 'to establish facts which are obviously in dispute or to answer questions of law.'" Id. (quoting Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (citing Driver v. Gindy Mfg. Corp., 24 F.R.D. 473, 475 (E.D. Pa. 1959))). The reasoning is because the purpose of requests for admission "is to expedite trial by eliminating the necessity of proving undisputed and peripheral issues." Kosta, 709 F. Supp. at 594.

In most cases, the requests for admission posited by Rimage would be improper. However, in this case, Kline has already admitted in his Answer that he knowingly utilized PMI, a company under his control, to conduct unlawful securities transactions involving Rimage in knowing breach of his fiduciary duty to Rimage. (Answer ¶ 10.) Kline has also already admitted that he knowingly and intentionally executed a scheme to defraud Rimage and deprive it of the right of his honest services in connection with the purchase and sale of Rimage's securities through PMI. (Id. ¶ 11.) Therefore, Kline has already "ratified" Rimage's legal interpretations of certain facts.[1] Rimage

[1] As Kline's counsel noted at the hearing, Kline could not very well deny these allegations considering his prior plea of guilty to breaching his fiduciary duty to Rimage and engaging in a scheme to defraud Rimage. The plea agreement also contains an admission from Kline that he conducted unlawful securities transactions involving Rimage, to whom he admittedly owned a fiduciary duty, for many years. Kline further admitted that he engaged in the transactions in knowing breach of his fiduciary duties and that his activity

explains that the purpose of the requests for admission is to pinpoint the year in which Kline admittedly engaged in certain activities. Considering that Kline has already admitted to the activities in his Answer and in his Plea Agreement, Rimage's stated purpose appropriately seeks to narrow the issues for trial: the specific years in which Kline engaged in certain activities.

### C. Document Request No. 3

Document Request No. 3 seeks all correspondence and documents exchanged between Kline and the United States Attorney's Office that mention or concern Rimage, Rimage stock, Robert R. Hibbs, Christian T. Kline, Bruce D. LeDuc, Erich A. Kline, Signe Kline, Erin Kline, or Deborah Kline. Rimage contends that it "should not be required to repeat the lengthy and expensive investigation that was conducted by the Government." Kline objected generally on the grounds of overbreadth, undue burden, and relevance. Kline also objected specifically to providing documents produced in response to the Grand Jury subpoena as protected by Federal Rule of Criminal Procedure 6(e); documents related to Kline's presentence investigation report deemed confidential by Federal Rule of Criminal Procedure 32; documents related to plea negotiations deemed confidential by Federal Rule of Evidence 408 and Federal Rule of Criminal Procedure 11; and privileged documents provided to the Government, which retain their privileged nature under the limited waiver

deprived Rimage of its right to his honest services.

doctrine of Diversified Industries v. Meredith, 572 F.2d 596, 609 (8th Cir. 1997). The Court will first address the specific categories at issue and then address generally the document requests.

### 1. **Grand Jury Documents**

The Court finds In re Milk Products Antitrust Litigation, 84 F. Supp. 2d 1016 (D. Minn. 1997), on point with respect to the requested documents that were produced in response to the Grand Jury subpoena. In Milk Products, the plaintiffs brought a civil action against the defendants based on the price-fixing provisions of the Sherman Act. See id. at 1019. During the discovery phase, the plaintiffs moved to compel documents compiled by the defendants in response to grand jury subpoenas from the Antitrust Division of the United States Department of Justice. See id. at 1026. This is the same type of information now requested by Rimage in the present case. The Milk Products court found that Federal Rule of Criminal Procedure 6(e) protected the documents from disclosure in the civil case. See id. To overcome Rule 6(e)'s protection, the party seeking the information has the burden to show a "particularized need" by meeting a three-part test: "that the material sought is necessary to avoid a possible injustice, that the need for disclosure outweighs the need for continued secrecy, and that the request covers only those materials meeting the above two tests." Id. (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 221-22 (1979)).

Here, Rimage makes no attempt to meet any of the three prongs of the particularized need test. First, Rimage fails to assert, much less show, that an injustice will result if the documents are not produced. Second, Rimage makes no argument that the need for disclosure is greater than the need for continued secrecy. Although Rimage argues that Rule 6(e) does not apply because it has not asked for the Grand Jury transcript or the subpoena itself, the Eighth Circuit has noted that merely disclosing the contents of the subpoenaed documents would nevertheless reveal "'at the very least, the direction of the grand jury's investigation and the names of persons involved.'" In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 307 (8th Cir. 1988) (quoting In re Sealed Case, 801 F.2d 1379, 1381 (D.C. Cir. 1986)). Finally, Rimage has not demonstrated that its request is limited to necessary documents. Accordingly, this aspect of Rimage's motion to compel is denied.

**2. The Presentence Investigation Report and Related Documents**

As to the presentence investigation report itself, Rimage is correct that the report must not be "disclosed to anyone unless the defendant has consented in writing, has pleaded guilty or nolo contendere, or has been found guilty." Fed. R. Crim. P. 32(b)(3). Thus, Rimage is entitled to obtain the report because Kline has pleaded guilty. However, with respect to documents related to the report, Rimage has not shown that the same rule applies. On the other hand, Kline submits that the documents are privileged by their mere

association with the report, but the Court does not agree with this position, either.

The documents neither achieved nor lost privileged status or relevance merely because they were used in connection with the presentence investigation. Thus, the general rules of relevance[2] and privilege govern production of the documents. Kline is ordered to compel responsive documents in accordance with the guidelines set forth herein. Without knowing precisely what documents Rimage seeks, the Court can make no more specific ruling as to the documents associated with the presentence report.

**3. Documents Related to the Plea Negotiations**

Kline declines to provide documents related to the plea negotiations on the basis of Federal Rule of Evidence 408 and Federal Rule of Criminal Procedure 11. Rule 408 provides that evidence of settlements of claims is not admissible to prove liability for a claim. However, such evidence can be introduced for other purposes. See Fed. R. Evid. 408. In addition, the rule explicitly states that it "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Id. Thus, Kline cannot use Rule 408 as a shield

---

[2] Rimage did not explain how documents related to the presentence report would be relevant, and therefore, the Court declines to order their production outright.

against production of otherwise discoverable documents. The general tenets of relevance and privilege govern production of such documents.

As to other documents, perhaps generated during the course of plea negotiations, the Court is persuaded by Kline's authority that the party seeking disclosure must make a "particularized showing that the evidence is likely to lead to the discovery of admissible evidence." Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993) (citations omitted); see also Shipes v. BIC Corp., 154 F.R.D. 301, 309 (M.D. Ga. 1994); Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 561-62 (D.N.J. 1994); Morse/Diesel Inc. v. Trinity Indus., Inc., 142 F.R.D. 80, 84 (S.D.N.Y. 1992); Bottaro v. Hatton Assoc., 96 F.R.D. 158, 159-60 (E.D.N.Y. 1982). As Felicetti explains, the principles underlying Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 26 are in conflict. See 148 F.R.D. at 534. Rule 408 excludes evidence of settlements from admissibility at trial to promote non-judicial resolution of disputes. See id. (citations omitted). On the other hand, Rule 26 is broadly construed to permit discovery of relevant information reasonably calculated to lead to admissible evidence. See id. (citations omitted). Thus, a party seeking disclosure of settlement information should be required to show more than relevance. In this case, Rimage has not shown how information generated during the course of plea negotiations is relevant,

much less satisfied the heightened standard required by Felicetti and similar cases. Rimage's motion is therefore denied as to this subset of information.

Rule 11(e)(6) provides that plea discussions and related statements are inadmissible against the defendant even in a subsequent civil proceeding. Although there are two exceptions to this general rule, Rimage has not argued that either exception would apply in this case. On the other hand, the nature of this particular category of the document request may not necessarily implicate plea discussions or statements. The discovery request seeks documents related to the plea negotiations. Thus, in this case, Rule 11(e)(6) would protect only documents consisting of statements made in the course of the plea negotiations between Kline and the Government. Kline need not produce such documents. Other documents must be produced in accordance with the parameters set forth above.

**4. Privileged Documents Provided to the Government**

Rimage asserts that by providing privileged documents to the Government in connection with the criminal proceeding, he has waived the privilege. Rimage cites no support for its position that a defendant who gives documents to a U.S. Attorney during plea negotiations forfeits every applicable privilege. Kline relies on Diversified Industries, Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977) (en banc), which held that a privilege is only partially waived when information is voluntarily surrendered to a government agency pursuant

to an agency subpoena. See id. at 611. The Eighth Circuit has also applied the holding of Diversified Industries to find a claim of privilege not waived where information was disclosed in response to a grand jury subpoena. See United States v. Shyres, 898 F.2d 647, 657 (8th Cir. 1990). In the present case, the Court finds that the limited waiver rule of Diversified Industries applies. Kline need not produce the privileged documents.

Even if the Court had found that Kline waived all privileges by giving privileged information to the Government, Rimage has not given the Court sufficient information to grant its motion. Rimage has not specified the documents it seeks, and it has not provided the Court with a privilege log. Rimage also has not identified which privileges purportedly apply to the documents. This aspect of Rimage's motion is therefore denied on this basis as well.

**5. General Comments Regarding Document Request No. 3**

With respect to other information not included in any of the subcategories specifically discussed above, Kline must disclose documents in his possession that are relevant to the claims and defenses in this case and not privileged, even though the documents were compiled during the criminal investigation. Because the Government has an interest in many of the requested documents, especially because Kline's criminal case is currently on appeal, the parties must follow the following guidelines. For all of the

documents responsive to Document Request No. 3 that will be disclosed, Kline's attorney is directed to contact Assistant U.S. Attorney Hank Shea and advise him of the documents to be produced. Kline's attorney and Shea may then designate appropriate documents as "Attorney's Eyes Only" before producing them to Rimage.

**D. Document Requests 10, 11, 12, and 13**

Finally, Rimage seeks financial information about Kline and PMI for the time period from 1992 to present. According to Rimage, it wants the information to reveal Kline's holdings of Rimage stock: both direct holdings and indirect holdings through companies such as PMI. In addition, Rimage contends that Kline's description of his assets may lead to the discovery of additional purchases of Rimage stock. Kline objected on the grounds that the requests improperly seek discovery of assets available to satisfy a judgment, which he alleges are irrelevant to the pretrial phase of the case. Nevertheless, Kline provided information such as schedules indicating Rimage holdings or options and trade tickets and brokerage statements regarding Rimage tradings and holdings by himself, his pension and profit-sharing plan, PMI, and Emerging Growth Ventures Limited Partnership.

Rimage avers that the information provided by Kline is insufficient. Rimage's attorney stated in an affidavit that he has compared the records provided with the transactions to which Kline confessed in his plea agreement,

and the records cannot be reconciled. (Hilke Aff. ¶ 2.) Kline has offered no explanation for this incongruity in the records. The Court therefore orders Kline to produce documents in response to this document request. Of course, Kline is permitted to redact irrelevant information.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Rimage's Motion to Compel Responses to Discovery Requests and to Compel Production of Documents (Doc. No. 10) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: July 15, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge