**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Rimage Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>George Edwin Kline,<br><br>Defendant. | Civil File No. 01-2047 JEL/JGL<br><br>**STIPULATION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT** |

Pursuant to their Settlement Agreement, dated September 13, 2002, the undersigned parties hereby stipulate to the adoption and entry of the following findings of fact, conclusion of law and order for judgment by the Court, and hereby verify that there is good basis in law and in fact for the findings, conclusion and order.

**Rimage Corporation**

By Robert M. Wolf
Its SECRETARY

**George E. Kline**

George E. Kline

## FINDINGS OF FACT

1. Rimage is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Rimage develops, manufacturers and distributes high performance CD-recordable and DVD-recordable publishing and duplication systems. Rimage is publicly

OCT 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED OCT 01 2002
DEPUTY CLERK'S INITIALS

traded, listed on Nasdaq National Market, and is subject to the reporting requirements of the United States Securities and Exchange Commission (the "SEC").

2. Defendant Kline is a resident of Duluth, Minnesota. At all relevant times, Kline was the owner, chief executive officer and sole shareholder of Protective Mouthguard(s), Inc. ("PMI"), an investment company through which he has engaged in securities transactions since 1990.

3. Kline served as a member of the Rimage board of directors from September 1992 through September 2000. As a Rimage board member, Kline had access to material, confidential, non-public information regarding Rimage. In his role as a director, Kline owed a fiduciary duty and duties of trust and confidence to Rimage, which duties required that he maintain the confidentiality of all such inside information.

4. Kline was aware that, if he traded securities, or recommended to others to trade securities, based on material inside information of Rimage, such conduct was unlawful and a breach of his fiduciary and other duties to Rimage.

5. As a director of various publicly-traded companies, Kline was aware throughout the last fifteen years that he was required by law to file forms, Form 4 and Form 5, with the SEC that would list any change in his ownership, including beneficial ownership, of securities of those companies. Kline understood that the purpose of Forms 4 and 5 was to provide the SEC and the investing public with information on insiders' securities transactions and holdings and to prevent insiders from profiting on transactions in the securities of their companies on the basis of undisclosed information. Throughout the same period, Kline also was aware that the directors of publicly-traded companies were prohibited by law from engaging in short sales of their companies' stock.

6. For many years, Kline knowingly utilized PMI to conduct unlawful securities transactions involving Rimage, a company to which he owed fiduciary and other duties. Kline engaged in these securities transactions in knowing breach of those duties and in violation of federal securities laws and regulations involving insider reporting requirements and the prohibition on short sales of stock by insiders of publicly-traded companies.

7. Kline knowingly and intentionally devised and executed a scheme to defraud Rimage and deprive it of the intangible right of his honest services in connection with his secret, unreported purchase and sale of Rimage's securities through PMI. Kline purposely did not disclose to the SEC or Rimage officials PMI's securities transactions involving Rimage stock.

8. On many occasions, Kline was advised by Rimage attorneys and officers of the statutory requirement that he report to the SEC any transactions in Rimage securities in which he had beneficial ownership. As the owner of PMI, Kline knew that the securities laws require that he report PMI's securities transactions involving companies in which he was a director, including Rimage. Kline's unreported Rimage securities transactions through PMI constituted a scheme to defraud Rimage and to deprive it of the right to his honest services.

9. Kline was able to obtain substantial illegal stock profits as a result of his breach of duties to Rimage.

10. Between 1995 and 1999, Kline, directly and indirectly through the companies he controlled, engaged in multiple, unreported trades in Rimage common stock in violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p.

11. Through these activities, Kline has damaged Rimage in amount in excess of $500,000.00.

## CONCLUSIONS OF LAW

1. Kline has violated 15 U.S.C. § 78p, entitling Rimage to an award of damages in the amount of $500,000.

2. Kline has breached his essential fiduciary duties as a director of Rimage, entitling the company to the rescission of any remaining contractual obligations to Kline arising from his service as a director.

## ORDER

IT IS HEREBY ORDERED,

1. Plaintiff Rimage is awarded damages against defendant George E. Kline in the amount of $500,000.00.

2. Any remaining contractual obligations of Rimage Corporation to defendant George E. Kline arising from or relating to his service as a director of Rimage are hereby rescinded and voided.

3. Rimage's claim for money damages for breach of duty is hereby dismissed without prejudice.

4. The parties will bear their own costs, disbursements, and attorneys' fees.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: Oct 1, 2002

Judge Joan E. Lancaster



Doc# 1675387\1